UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

STEVEN JIMMERSON,

        Petitioner,

v.                            Case Nos.   17-cv-1456-pp
                                                         17-cv-1759-pp

UNITED STATES OF AMERICA,

        Respondent.

---

**ORDER DIRECTING THE CLERK'S OFFICE TO
DOCKET MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE
(2255) (CASE NO. 17-CV-1759, DKT. NO. 1) IN CASE NO. 17-CV-1456,
AND TO CLOSE CASE NO. 17-CV-1759**

---

On October 19, 2017, the petitioner filed a letter in his criminal case. United States v. Steven Jimmerson, Case No. 15-cr-158, dkt. no. 61. In the letter, he indicated that he need more time to file an "intended appeal (2255 motion)," and he asked the court to extend the one-year statute of limitations for doing so. Id. The petitioner explained that, because he was located in a special housing unit in Beaumont U.S.P., he could not get staff to bring him legal forms, and he faced "constant on again, off again lockdown." Id. The clerk's office construed the letter as a motion for extension of time to file a §2255 motion. Because the one-year limitations period under the statute was approaching, and because (as the court explained to the petitioner) the court does not have the authority to extend that statutory deadline, the court construed the petitioner's letter as a §2255 motion, and ordered the clerk's

1

office to docket it as one under a new civil case number. Id. at Dkt. No. 62. The clerk's office did that, and opened Jimmerson v. United States, number 17-cv-1456.

Once the case was opened, the only item on the docket was the petitioner's statement indicating that he wanted to file a §2255 motion. That, alone, wasn't enough to allow the court to determine whether the petitioner is entitled to the relief he seeks. On October 30, 2017, the court ordered that by November 30, 2017, the petitioner needed to file a full §2255 motion, on the Eastern District of Wisconsin's form, explaining his grounds for relief. Dkt. No. 2. The court told the petitioner that once it received the full motion, the court would screen it under Rule 4 of the Rules Governing Section 2255 Cases. Id. The court mailed the order and the form to the petitioner at Beaumont U.S.P.

On December 18, 2017, the clerk's office docketed a letter from the petitioner, in which he explained that he had been transferred from Beaumont U.S.P. to Lewisburg U.S.P. and had not received the court's order until December 11, 2017. Dkt. No. 3. The petitioner stated that on December 10, 2017, he "did file a §2255 motion by mail, that [he] printed off the law library computer." Id. at 2.

The court received the petitioner's full motion on December 18, 2017, but it did not refer to case number 17-cv-1456; it referred to the case number of the petitioner's underlying criminal case. So, the clerk's office docketed the motion in the criminal case as a motion to vacate under 28 U.S.C. §2255 (case

2

no. 15-cr-158, dkt. no. 63), opened a *new* civil case—number 17-cv-1759, then terminated the motion in the criminal case.

Because the motion that the petitioner mailed to the clerk's office in December 2017 is the "full §2255 motion" that the court ordered him to file in case number 17-cv-1456, the court will order the clerk's office to file that motion (case no. 17-cv-1759, dkt. no. 1) in case number 17-cv-1456, then close 17-cv-1759. The court will screen the motion under Rule 4 of the Rules Governing Section 2255 Cases.

The court **ORDERS** the clerk's office to docket the motion to vacate, set aside or correct sentence (2255) filed in case no. 17-cv-1759 at dkt. no. 1 in case number 17-cv-1456, with a filing date of December 18, 2017. The court **ORDERS** that once the clerk's office has done this, it shall **CLOSE** case number 17-cv-1759.

Dated in Milwaukee, Wisconsin this 21st day of February, 2018.

        **BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**