UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

STEVEN M. JIMMERSON,

        Petitioner,

v.                                        Case No. 17-cv-1456-pp

UNITED STATES OF AMERICA,

        Respondent.

---

**ORDER GRANTING THE PETITIONER'S MOTION TO DISMISS CASE (DKT. NO. 8), DENYING WITHOUT PREJUDICE HIS MOTION FOR ORDER/INTERVENTION (DKT. NO. 7) AND DISMISSING THE CASE WITHOUT PREJUDICE**

---

On October 25, 2017, the petitioner filed a letter asking for an extension of the one-year statutory limitations period to file his motion to vacate, set aside or correct his sentence. Dkt. No. 1. The clerk's office docketed that letter in the petitioner's criminal case; the court construed it as a §2255 motion. Dkt. No. 1-1. The court issued a separate order requiring the petitioner to file his §2255 motion by November 30, 2017, on the form provided by the court. Dkt. No. 2. The petitioner filed his §2255 petition on December 18, 2017, but he filed it in the underlying criminal case. That caused the clerk's office to open a new civil case (Case No. 17-cv-1759). To avoid having the same case proceed under two case numbers, the court ordered the clerk's office to docket the §2255 motion in this case, and to close Case No. 17-cv-1759. Dkt. No. 5.

1

A month later, the petitioner filed a motion for intervention, seeking psychological treatment from the Federal Bureau of Prisons and complaining about retaliation after he reported an assault. Dkt. No. 7. The motion stated that when the plaintiff arrived at the United States Penitentiary in Beaumont, Texas in March 2018, he had been taking medication for anxiety and depression. Id. at 2. He told the doctor at U.S.P. Beaumont that the medication was not working, and that he wasn't going to take it anymore. The doctor told the petitioner that she would sign him up to see a psychiatrist, but he says that no psychiatrist ever saw him. Id. He says that the doctor to whom he'd spoken didn't do a follow-up; he did not see her again until he was in the special housing unit, when she saw him for only two minutes or so, and denied his request for psychological help. Id. The petitioner explains that during his time in the Beaumont S.H.U., he was very depressed and anxious. Hurricane Harvey hit, and he and other inmates were left in their cells with overflowing toilets, only two bottles of water a day and no showers; the plaintiff says he became sick from drinking unsafe water, and didn't get any medical help. Id.

As of the date of the petitioner's motion—March 22, 2018—he was in U.S.P. Lewisburg, Pennsylvania, in their S.H.U. Id. He says there is no psychological treatment there, but that he is afraid that if he files a complaint, he'll be the subject of retaliation. Id. at 3.

The petitioner also explains that while he was at U.S.P. Beaumont, he was assaulted by a correctional officer and injured. He continues to seek medical treatment for the injury, and continues to suffer pain. He says that he

has exhausted all of his administrative remedies (on stationery paper, because the counselor doesn't come around regularly to provide the proper grievance forms). Id.

The petitioner asked the court to order the Bureau of Prisons to give him proper mental health treatment, or to put him in a facility that will provide such treatment. Id. at 4. He also asks the court to order the Bureau of Prisons to release camera footage of the assault at Beaumont. Id.

The court received this motion on March 28, 2018. It did not act on the motion right away. That is the court's fault—the court's case load has been unusually heavy over the last year due to the death of one of the judges in the district, and this particular judge has fallen behind. The court should have addressed the petitioner's motion earlier, and apologizes to the petitioner for its failure to do so.

Four months later, on July 30, 2018, the court received from the petitioner a motion to dismiss his §2255 motion for "lack of grounds." Dkt. No. 8. The petitioner explains that he has had time to look over the grounds that he stated in his petition, and has decided "that it would be in his best interest not to pursue an appeal." Id. He says that dismissing his §2255 petition is his "best decision from a legal standpoint." Id.

Because the court has not yet screened the §2255 petition, or ordered the respondent to file a response, the court will grant the petitioner's motion to dismiss his case. The court notes, however, that there is a way for the petitioner to address his concerns regarding the lack of medical treatment, the

3

alleged assault by the Beaumont correctional officer and any retaliation he may have experienced. The petitioner can file a separate civil rights lawsuit under 42 U.S.C. §1983. The court has included with this order a guide called "Answers to Prisoner Litigants' Common Questions," along with a Guide and Complaint form, which is the form this court requires prisoners who are proceeding without a lawyer to use.

The court **DENIES WITHOUT PREJUDICE** the petitioner's motion for order/intervention. Dkt. No. 7. The court **GRANTS** the petitioner's motion to dismiss his case, dkt. no. 8, and **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**.

Dated in Milwaukee, Wisconsin this 21st day of August, 2018.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**